**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Crim. No. 1:21-cr-00034-CRC |
| : | |
| **THOMAS ROBERTSON and** : | |
| **JACOB FRACKER** : | |
| : | |
| **Defendant.** : | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, the integrity of the government's investigation, and the security of witnesses, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), ORDERED:

1. **Materials Subject to this Order.** All materials disclosed by the government at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500 (the Jencks Act), and the government's general obligation to produce exculpatory and impeachment information in criminal cases (the "discovery materials") are subject to this protective order ("Order").

2. **Defendant.** Any reference to "Defendant" herein refers individually to each defendant identified in the caption above.

3. **Legal Defense Team.** The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include Defendant or Defendant's family members, friends, or associates.

4. **Limitations on Dissemination to Defendant.** The legal defense team may review with Defendant all discovery material produced by the government, and may provide Defendant with copies of discovery pursuant to this Order, but shall not provide Defendant with copies of, or unsupervised access to, any discovery material produced by the government which constitute or contain unredacted:

a. Records obtained from digital device downloads, and searches of electronic communications (e.g., email and social media), of individuals other than Defendant;

b. Records of personal identifying information of individuals other than Defendant, including another individual's date of birth, social security number, address, telephone number, email address, driver's license number, professional license number, or family members' names, as well as contact information for, photographs of, and private conversations with family members and associates not related to the criminal conduct in this case, which such individuals may reasonably wish to protect from unnecessary dissemination ("Personal Information");

c. Financial information of individuals other than Defendant, or entities controlled by Defendant, including bank account numbers, credit or debit card numbers, account passwords, contact information, or taxpayer identification numbers ("Financial Information");

d. Information regarding the government's confidential source(s) or source(s) of information, including criminal histories, arrest records and summaries of information provided to the government ("Confidential Source Information");

e. Sealed documents, to include search warrant applications and their contents (affidavits, orders) and other court-ordered authorizations (e.g., pen registers, geolocation orders, tracking orders) ("Sealed Information"), that contain Personal Information, Financial Information, or Confidential Source Information;

f. Tips and law enforcement reports and/or notes, including reports of interviews of individuals other than defendant, which may contain Personal Information;

g. Grand jury transcripts and exhibits;

    h.  Surveillance footage from the U.S. Capitol and Grounds;

    i.  Body-worn camera videos from the Metropolitan Police Department, Arlington County Police Department, or any other law enforcement agencies; and

    j.  Investigative information not yet publicly known, the dissemination of which could jeopardize the government's on-going investigations or the security of its witnesses, and which is designated by the government as "Sensitive," and

    k.  Other sensitive information obtained during the investigation as agreed upon by the parties.

Discovery material that clearly pertains to Defendant and does not contain information listed in (a) through (k) above may be provided to Defendant unredacted (e.g., defendant's own bank records, phone records, digital device downloads, social media records, prisoner records and business records).  The government and the defense will work together to ensure that the materials identified in (a) through (k) above are protected and that Defendant has unfettered access to as much material as can be provided consistent with this Order.

    5.    **Limitations on Dissemination to Third Parties.**  Neither the legal defense team nor Defendant shall provide any discovery material produced by the government to any person not a party to this case, nor make any public disclosure (including disclosure to the media) of the same, without the government's express written permission, except that defense counsel may provide discovery materials to those persons employed, retained, or otherwise consulted by defense counsel who are necessary to assist counsel of record in preparation for trial or other proceedings (including third party vendors), and may authorize viewing of discovery materials by prospective witnesses for purposes of defending this action.  The government may authorize, in writing, disclosure of discovery materials beyond that otherwise permitted by this Order without further order of this Court.

6. **Limitations on Use.**  Defendant and the legal defense team may use the discovery materials solely in connection with this case, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding.

7. **Limitations on Reproduction.**  The legal defense team may physically or electronically reproduce the discovery materials as deemed necessary by defense counsel for use in connection with this case.  Any reproductions of the discovery materials authorized by defense counsel shall be treated in the same manner as the original materials.

8. **Responsibility to Prevent Reproduction During Viewing.**  If defense counsel authorizes Defendant or another person to view the discovery materials, the legal defense team shall ensure that Defendant or such other person does not copy, photograph, take screenshots, or otherwise reproduce the discovery materials, except as authorized herein.

9. **Storage Requirements.**  The legal defense team shall store the discovery materials in a secure physical or electronic environment that limits access to members of the legal defense team and, as authorized herein, Defendant.  Defense counsel shall be responsible and accountable for maintaining, securing, and storing the discovery materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

10. **Viewing by Incarcerated Defendants.**  If Defendant in the custody of the United States Marshals Service, defense counsel is authorized to provide a copy of the discovery materials to the appropriate point of contact so that the defendant can view the discovery materials.

11. **Notifications Regarding this Order.**  Defense counsel must provide members of the legal defense team, Defendant, and any other person, with a copy of this Order before providing them with access to, or permitting them to view the discovery materials.

12. **Disposition Following the Conclusion of this Criminal Case.** Following a dismissal or acquittal in this case, defense counsel shall destroy or return to the United States the discovery materials. Following a conviction in this case, defense counsel may retain a copy of the discovery materials. This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of the discovery materials disclosed in this case.

13. **Automatic Exclusions from this Order.** This Order does not apply to discovery materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials or hearings, or materials that are publicly released by the U.S. Attorney's Office, the Department of Justice, or the U.S. Capitol Police, **except** that any video designated as "security information" under 2 U.S.C. §1979 may never be provided to Defendant, regardless of publication.

14. **Scope of this Order.** This Order does not prevent any party from objecting to the discovery or admission of the discovery materials that it otherwise believes to be improper. This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of the discovery materials; or (B) whether any particular discovery materials are properly discoverable or admissible. This Order is not intended to limit the use of the discovery materials in any judicial proceedings in this case. All court filings shall comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

15. **Modification of this Order.** Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order, even after the conclusion of district court proceedings in this case.

**SO ORDERED** this _____ day of _____, 2021

5

_____
HONORABLE CHRISTOPHER R. COOPER
United States District Judge