IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.  Case No.:  21-cr-34 (CRC)

THOMAS ROBERTSON,

Defendant.

**GOVERNMENT'S PROPOSED RESPONSE TO JURY NOTE**

The government proposes the following response to the jury's note: "An object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury to another person and the defendant intends that it could be used to cause such injury regardless of whether he uses it in that manner."

The language from *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002), on which the jury instruction language is principally based, interprets 18 U.S.C. § 111(b), which requires a defendant to "use[] a deadly or dangerous weapon." 18 U.S.C. § 111(b).  By contrast, the offense at issue in this case prohibits a defendant from certain conduct in a restricted area, and provides an additional potential penalty if that person "during and in relation to the offense, uses *or carries* a deadly or dangerous weapon."  18 U.S.C. § 1752(b)(1)(A) (emphasis added).  In the indictment in this case, the defendant is charged only with carrying, not using, the dangerous weapon.  At a minimum, therefore, the response to the jury's question should reflect that the jury need not find that the defendant *used* the wooden stick as a weapon to find the defendant guilty.  For that reason, the government proposes the additional language of "regardless of whether he uses [the wooden stick] in that manner."

The case law is not entirely clear on whether the defendant must intend to use the object in question in a manner that could inflict serious bodily injury or death to another person. For example, the United States Sentencing Guidelines define a "dangerous weapon" as "(i) an instrument capable of inflicting death or serious bodily injury; or (ii) an object that is not an instrument capable of inflicting death or serious bodily injury but (I) closely resembles such an object; or (II) the defendant used the object in a manner that created the impression that the object was such an object." U.S.S.G. § 1B1.1, cmt. n.1(E). In other words, for purposes of the Guidelines, an object would qualify as "dangerous" if it was capable of inflicting serious bodily injury (regardless of whether it did). And certain Guidelines enhancements apply for possession—but not use—of a dangerous weapon. *See, e.g.*, U.S.S.G. § 2B2.3(b)(2). At the same time, the decision in *Arrington*, which appears to define the term "deadly or dangerous weapon" (albeit for a different statute) for non-inherently dangerous weapons, recognizes that an object's mere capacity to be used in a manner that inflicts serious injury or death may not itself be enough to make that non-inherently deadly or dangerous object a weapon. *See Arrington*, 309 F.3d at 45 (noting that a car must be used in some manner other than "as a mode of transportation" to qualify as a dangerous or deadly weapon). Many objects are capable of inflicting serious injury or death, and that capacity alone does not transform those objects into dangerous and deadly weapons.

Accordingly, the government proposes the language above that a defendant must "intend[] that [the object in question] could be used to cause such injury." In other words, a defendant must at some point intend that he could use an object that is not inherently dangerous or deadly—such as a large wooden stick—to inflict serious bodily injury or death. He need not intend that use as the object's sole purpose and, as noted earlier, he need not in fact use it in that manner. But he should at least intend that the object *could* be used in that manner.

2

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

*By: /s/Elizabeth Aloi*
Elizabeth Aloi
Assistant United States Attorney
D.C. Bar No. 1015864
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office for the
District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-252-7212
Email: Elizabeth.Aloi@usdoj.gov